IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAVIO LEANDRO VARELA PADRON, | |
| *Petitioner*, | Civil Action No. 3:26-cv-301 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Venezuela, is currently detained at Moshannon Valley Processing Center. On December 2, 2023, he applied for admission into the United States at the San Ysidro Port of Entry. He was released on humanitarian parole. (ECF No. 11, pp. 1-2). On January 16, 2026, Petitioner was detained followed a traffic stop. (*Id.* at 2). His removal proceedings are ongoing. He has not sought a bond hearing. The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (e.g., *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United

1

States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.[1]

AND NOW, this 10th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 4) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

AND NOW, this 11th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.

---

[1] Respondents contend that this case is distinguishable from *Q. Li* and *Hurtado* because "Petitioner here, unlike aliens in *Q. Li* and *Hurtado,* followed the law and sought admission to the United States by presenting himself at a port of entry and requesting permission to enter." (ECF No. 11, p. 4). The Court rejects this distinction. It would, essentially, elevate aliens who make no effort to see legal admission, but are held to be covered under the discretionary provisions of § 1226, over those who attempt to enter legally and are paroled in the United States, who Respondents argue should be subject to mandatory detention under § 1225.

Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

                                              BY THE COURT:

                                              */s/William S. Stickman IV*
                                              WILLIAM S. STICKMAN IV
                                              UNITED STATES DISTRICT JUDGE